## In re Anonymous No. 8 D.B. 76

Disciplinary Board Docket no. 8 D.B. 76.

JOHNSON, *Board Member,* October 12, 1979 —Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS.

On August 22, 1977, your honorable court entered an order suspending petitioner for a period of six months, approving the recommendation of the Disciplinary Board. The conduct leading to his suspension arose out of his alcoholic addiction.

On August 29, 1977, petitioner, by his counsel, filed with your honorable court a petition to reopen, upon which your court on September 14, 1977, endorsed an order transferring it to the Disciplinary Board with instructions to treat it as a petition for reinstatement.

Notwithstanding your order of September 17, 1977, which permitted the petition to reopen to be treated as a petition for reinstatement, petitioner did not file his reinstatement questionnaire until March 14, 1979. Three addendums to the reinstatement questionnaire were filed on April 19, 1979, May 2, 1979 and May 10, 1979.

On March 15, 1979, the matter was referred to hearing committee [ ] for reinstatement hearing. The hearing committee held the reinstatement hearing on May 9, 1979, at which time petitioner was represented by counsel, and on August 3, 1979, filed its report recommending petitioner be reinstated. No exceptions to the report of hearing committee [ ] have been filed by either petitioner or respondent.

## II. DISCUSSION

Hearing committee [ ], after hearing the testimony of petitioner and his witnesses in a hearing which the committee characterized as being "in essence, a seminar on alcohol addiction as well as a case history of one man's fight for rehabilitation through reliance on Alcoholics Anonymous, a self-help organization with an outstanding record of success," recommended the reinstatement of petitioner.

After a thorough review of the transcript of testimony the board finds it can adopt in total the findings of fact of the hearing committee which can be summarized as follows. Petitioner is an alcoholic who graduated from the status of a social drinker to that of addiction in an explosive fashion at or near Christmas of 1972 when drinking became a daily need. This coincided with the hospitalization of his first wife who was dying of multiple sclerosis requiring hospitalization under intensive care from December, 1972 until her death on October 25, 1973. With his excessive drinking to satisfy an addiction requiring one to one and one-half quarts of bourbon or vodka each day, applicant neglected his legal skills and obligations which led to his ultimate suspension from the practice of law. During 1974, 1975 and 1976 petitioner seemed to be somewhat aware of his problem and made stumbling attempts to face up to it through Alcoholics Anonymous. He finally was able to admit that he was powerless over alcohol and that his life had become unmanageable when on March 18, 1977, he took his first positive step toward rehabilitation by voluntarily entering [ ] Hospital for detoxification remaining there through March 23, 1977. Upon completion of detoxification petitioner

immediately and voluntarily entered [A], Pennsylvania, remaining there until April 20, 1977, which completed the entire treatment program offered at that institution. He was referred by [A] to the [    ] Alcoholism Program where he became an active client in out-patient treatment. Petitioner's next positive step toward rehabilitation was achieved by his active participation in Alcoholics Anonymous acquiring in April, 1977, a sponsor in that organization in the person of a well-known attorney, an admitted alcoholic and a member of AA since November of 1962. This sponsorship has been a serious one with daily contact between petitioner and his sponsor to monitor petitioner's progress and to remind petitioner of his perpetual need for help. Petitioner attends numerous meetings of Alcoholics Anonymous each week and indeed, has himself sponsored a wife of an attorney needing the help of Alcoholics Anonymous, as well as securing funds for her admission to [A].

When petitioner's first wife died in October, 1973, he was left with two minor children, presently aged 13 and 9 respectively. In November, 1975, petitioner remarried. Upon his suspension his present wife became the breadwinner of the family with petitioner assuming the role of homemaker. This led to a revived interest in his children. His present wife who is the Director of [    ], a medical clinic, and a nondrinker, has proved to be an understanding wife and a constructive force in petitioner's struggle to overcome his addiction.

Petitioner has taken steps to insure his competency as an attorney by frequenting an attorney's office during normal business hours, thereby endeavoring to prepare himself by studying law to

refresh and update his knowledge in the field. Prior to his affliction, petitioner was an outstanding trial attorney, most especially in the field of criminal law and has stated an intent, if reinstated, to return to that field as a sole practitioner. The hearing committee found as a matter of fact that petitioner is capable and qualified to resume the practice of law in such a manner as not to be detrimental to the integrity and standing of the Bar nor the administration of justice or subversive to the public interest. With this finding the board concurs.

In the report and recommendations to your honorable court in the disciplinary proceedings docketed at In re Anonymous No. 8 D.B. 76, 4 D. & C. 3d 381, 387 (1977), which culminated in the six-month suspension of petitioner, the Disciplinary Board stated:

"The board . . . feels in order to protect the public in its dealings with respondent, we must be assured that respondent has taken the necessary steps to *relieve himself of the alcoholic problem which has caused his professional problems*. It is necessary for respondent to show he has in fact improved his emotional and mental state to such a degree that he will bring credit, not only to the practice of law, but to himself" (Emphasis supplied.)

It is the conclusion of the board, after a thorough review of the hearing committee's report and the testimony offered by petitioner and his substantial witnesses that petitioner has taken the necessary steps to relieve himself of the alcoholic problem which has caused his professional problem, and that he has improved his emotional and mental state.

In its deliberation, the board gave consideration to a recommendation that some form of probation be imposed upon petitioner, but resolved such a recommendation in the negative. Petitioner's sponsor in Alcoholics Anonymous is a well-respected member of the Bar Association, who considers his sponsorship of petitioner, as he has others he has sponsored, as a privilege. This sponsor has been in daily contact with petitioner. The board is convinced this type of serious contact will continue between petitioner and his sponsor without any imposition by court order. Further, we believe reinstatement of petitioner with probation would indicate a doubt in his ability to continue to handle his problem. The confidence shown in petitioner by reinstatement without probation, on the other hand, would have a strengthening effect upon his resolve to embrace his profession as a focal point and as a continuing fortifying symbol of his victory over his addiction.

## III. RECOMMENDATION

Accordingly, and for the reasons noted above, we recommend that petitioner be reinstated forthwith, upon payment of all expenses of these proceedings as provided for in Rule 89.277 of the Disciplinary Board Rules.

## ORDER

EAGEN, *C.J.*, And now, November 13, 1979, the recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania, on the petition for reinstatement, dated October 12, 1979, is accepted;

and it is ordered, that the suspension of [   ] is terminated and he is reinstated to the Bar of the Supreme Court of Pennsylvania and in all the courts under its supervisory jurisdiction, provided he retakes the usual oath of attorneys upon admission to the Bar and pays the necessary expenses incurred in the investigation and processing of the petition for reinstatement.